# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| GEORGE JACKSON | CIVIL ACTION NO: 18-1055 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| DIRECTOR MARK BOLOGNA VARONO | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a motion to dismiss filed by Defendant Mark Bologna ("Bologna"), the director of New Orleans Regional Office of the United States Department of Veterans Affairs (the "VA"). [Record Document 4]. Plaintiff George Jackson ("Jackson") seeks monetary damages as a result of Bologna's allegedly erroneous denial of Jackson's request for veterans' disability benefits. [Record Document 1 at 15].

Jackson alleges that he has several serious medical conditions; he may well be entitled to benefits. He may have a due process right to correct evaluation of his application for benefits. But this Court cannot decide these questions. Federal courts are courts of limited jurisdiction; they are empowered to hear certain claims only. Congress has granted other tribunals the jurisdiction to hear claims related to veterans' benefits. Additionally, neither Congress nor the Supreme Court have chosen to create a right of action against individual government employees, such as Bologna, to recover damages for due process violations in this context. Because this Court lacks the authority to grant Jackson the relief that he seeks, Bologna's motion [Record Document 4] is **GRANTED** as to all of Jackson's claims except his claim under the Freedom

1

of Information Act ("FOIA"). Because Jackson's FOIA claim is currently insufficiently pleaded, he is granted until **November 14, 2018** to amend his complaint to state a cause of action under FOIA.

I. **Background**

Jackson is a Navy combat veteran who is now tetraplegic and wheelchair-bound. [Record Document 1 at 4–6]. He submitted a claim for veterans' disability benefits, which Bologna denied in its entirety. [Record Documents 1 at 1–2, 7 and 1-1 at 25]. Although Jackson sought reconsideration of this denial, he apparently submitted his request on an incorrect form. [Record Document 1-1 at 26–28]. Following a letter from a veterans' advocate to Bologna, [*id.* at 29–34], a reconsideration was issued, determining that Jackson's back injuries were 10% disabling, [*id.* at 39–40]. The reconsideration also stated that the VA still could not determine whether Jackson was unemployable and so entitled to a greater pension because he had not made a formal application on the correct form. [*Id.*]. The parties have filed an opposition and a reply, rendering this matter ripe for adjudication. [Record Documents 6 and 7].

II. **Official Capacity Claims**[1]

Bologna argues that the Court lacks subject matter jurisdiction over claims against him in his official capacity because federal law precludes district court review of veterans' benefits decisions. [Record Document 4-1 at 5–7]. Plaintiff has responded that jurisdiction exists under Rule 11(b)(2) of the Federal Rules of Civil Procedure and the Federal Circuit's decision in

---

[1] It is unclear whether Jackson is suing Bologna in his official or his individual capacity. In light of the liberal reading that must be given to pro se complaints, *see Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 9, 1981) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), the Court will evaluate Jackson's complaint as if it alleges claims against Bologna in both capacities.

*Cushman v. Shinseki*, 576 F.3d 1290 (2009). [Record Document 6 at 2–3].

**A.     12(b)(1) Standard**

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See id.* In reviewing a Rule 12(b)(1) motion to dismiss, "the district court is empowered to consider matters of fact which may be in dispute." *Id.* "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

**B.     Analysis**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Veterans' benefits are determined by the VA Secretary. 38 U.S.C. § 511(a) (2012). Subject to a handful of exceptions, a "decision of the Secretary as to any . . . question [of law or fact] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.* This

is true even if the VA has misapplied statutes or regulations and even if this misapplication violated a veteran's due process rights. *See Zuspann v. Brown*, 60 F.3d 1156, 1158–60 (5th Cir. 1995). Thus, Article III district courts lack the authority to review veterans' benefits determinations. *Id.* at 1160. Congress has instead directed that appeals of benefits decisions be brought to the Board of Veterans' Appeals. *Id.* at 1158 (citing 38 U.S.C. § 7104(a) (2012)). If the board denies a claim, the veteran may appeal to the Court of Appeals for Veterans Claims whose decisions may be reviewed in turn by the Court of Appeals for the Federal Circuit. *Id.* (citing 38 U.S.C. §§ 7252(a), 7266(a), 7292(a) (2012)).

Jackson alleges that federal-question jurisdiction exists because his case arises under the Due Process Clause and various federal statutes related to veterans' benefits. [Record Document 1 at 2]. However, the generic federal-question jurisdiction statute, 28 U.S.C. § 1331 (2012), does not confer jurisdiction on district courts when a more specialized statute, such as § 511(a), has stripped them of jurisdiction, *see Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012); *Zuspann v. Brown*, 864 F. Supp. 17, 20 (W.D. Tex. 1994), *aff'd*, 60 F.3d 1156 (5th Cir. 1995). And so, under Fifth Circuit precedent, this Court must evaluate whether to dismiss Jackson's claim for a lack of subject matter jurisdiction by asking "whether [he] is alleging a facial attack on the constitutionality of an act of Congress, or whether [he] is challenging the VA's decision to deny him benefits." *Zuspann*, 60 F.3d at 1158. The Court has jurisdiction under § 1331 over the former type of claim only. *Id.*

Here, Jackson does not attack the constitutionality of any statute. Rather, he alleges that Bologna denied him rights to which he was entitled under statutes whose facial validity he

4

accepts. [Record Document 1 at 3–6]. In his opposition, Jackson clearly articulates this point: "Director Bologna also violated my rights under all of the laws enacted to protect me and any other veteran's [c]onstitutional right to due process <u>by not applying these laws and evidence appropriately</u>." [Record Document 6 at 5 (emphasis added)]. Although his complaint seeks damages rather than benefits as such, this Court can only award damages if it determines that Jackson was, in fact, entitled to benefits. *See Zuspann*, 60 F.3d at 1159. In consequence, to the extent that Jackson asks this Court for a damage award because Bologna's evaluation of Jackson's claim was erroneous under the applicable statutes, this Court lacks jurisdiction and must dismiss this matter without prejudice.

Even if Jackson's claim is that Bologna is liable in his official capacity for handling Jackson's application in a manner that violated his due process rights, this Court still lacks jurisdiction. "[F]ederal district courts 'do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.'" *Id.* (quoting *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d. Cir. 1994)). In *Zuspann v. Brown*, a veteran alleged that the VA denied him due process when it denied his request for a chemical-free living area because he suffered from "chemical sensitivity." *Id.* at 1157. The Fifth Circuit held that because the "gravamen" of Zuspann's complaint was that the VA denied his request for a particular benefit, the district court properly dismissed for lack of subject matter jurisdiction. *Id.* at 1159. Jackson alleges that he was denied due process when he was denied benefits based on Bologna's erroneous determination of his disability level. [Record Document 1 at 6–10]. This is analogous to the VA's decision to deny Zuspann placement in a chemical-free living environment based

5

on VA doctors' determination that he did not suffer from "chemical sensitivity." *See Zuspann*, 60 F.3d at 1157, 1159. Thus, Fifth Circuit precedent binds this Court, which must conclude that it lacks subject matter jurisdiction over any official-capacity claims arising from Bologna's allegedly erroneous denial of benefits.

Jackson may also have alleged that Bologna denied him due process by taking longer to rule on his claims for benefits than on those of other veterans. [Record Document 1 at 15]. The documents that Jackson attached to his complaint indicate that the VA issued at least two decisions on Jackson's request for benefits. [Record Document 1-1 at 25, 39–40]. What Jackson appears to mean is that Bologna has taken too long to render the decision that Jackson desires. To reach that conclusion, however, the Court would have to determine that Jackson is entitled to benefits, and § 511 strips this Court of the jurisdiction to make that determination.[2]

Jackson repeatedly points the Court to the Federal Circuit's *Cushman* decision. [Record Document 1 at 1, 3 and 6 at 3, 9–10, 13–14]. In *Cushman*, the Federal Circuit found that in certain situations, a veteran has a protected property interest in benefits from the moment of application, thus triggering procedural due process protections. 576 F.3d at 1297–98. Even if the Federal Circuit's conclusion regarding due process is correct—a matter this Court does not

---

[2] In his opposition, Jackson for the first time implies that his complaint stems from the fact that the administrative appeals process through the Board of Veterans' Appeals to the Court of Appeals for Veterans Claims takes too long to complete. [Record Document 6 at 10]. As Jackson has not alleged that he has even appealed to the Board of Veterans' Appeals, he has not suffered a concrete and particularized injury from the rate at which cases are processed by that body. Thus, he lacks standing. *Cf. Groby v. Davis*, 575 F. Supp. 2d 762, 766 (E.D. La. 2008) ("[Plaintiffs] present a generalized grievance concerning the inadequacies and errors in the Road Home Program that are common to many citizens of Louisiana who have suffered damage as a result of Hurricane Katrina. While the court recognizes the frustration and difficulty expressed by the plaintiffs, this general interest shared by the public at large will not create standing.").

decide—*Cushman* did not address the question of jurisdiction. Philip Cushman pursued his claim through the channels authorized by statute, going from his regional office, to the Board of Veterans' Appeals, to the Court of Appeals for Veterans Claims, and finally to the Federal Circuit. *Id.* at 1294–95. Thus, contrary to Jackson's assertion, *Cushman* does not establish that the Western District of Louisiana has jurisdiction over Jackson's due process claims.

Jackson's reliance on Rule 11(b)(2) is also unavailing. Under this rule, an unrepresented party filing a pleading must certify that all "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A violation of the rule exposes the party to sanctions. Fed. R. Civ. P. 11(c). Even if Jackson's argument is nonfrivolous, a lack of frivolity does not alter the fact that the Rule 11 "do[es] not confer jurisdiction either explicitly or implicity." *See Ga. Cent. Credit Union v. Martin G.M.C. Trucks, Inc.*, 622 F.2d 137, 139 (5th Cir. 1980). Because this Court lacks subject matter jurisdiction over claims against Bologna in his official capacity, these claims must be dismissed.

### III. <u>Individual Capacity Claims</u>

In addition to claims against Bologna in his official capacity, Jackson also alleges that Bologna in his individual capacity violated Jackson's rights under the Due Process Clause of the Fifth Amendment. [Record Document 1 at 2]. Bologna argues that Jackson fails to state a claim because no implied right of action exists to seek monetary compensation from federal employees for due process violations. [Record Document 4-1 at 8–9]. Apparently misunderstanding the nature of a *Bivens* action, Jackson argues that he has a right of action because he raises a Fifth

7

Amendment claim, not a Fourth Amendment claim. [Record Document 6 at 9].

A.  **12(b)(6) Standard**

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In determining whether a complaint states a plausible claim, a court must construe the complaint in the light most favorable to the plaintiff, *see In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all well-pleaded factual allegations, *see Twombly*, 550 U.S. at 555' *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Sols, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

B.  **Application**

Jackson makes a confusing reference to the exclusiveness of remedy provision of the Federal Tort Claims Act ("FTCA"), arguing that Bologna cannot rely on this provision because Jackson has asserted a due process violation. [Record Documents 1 at 2–3 and 6 at 6–8]. FTCA waives the sovereign immunity of the United States for claims that would be cognizable under

8

state tort law. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (citing 28 U.S.C. § 1346(b)). Under FTCA, an action against the United States for money damages on claims sounding in tort precludes a separate action against individual employees whose conduct gave rise to the claim. 28 U.S.C. § 2679(b)(1) (2012). This is known as the "exclusiveness of remedy" provision. Although Jackson is correct that § 2679(b)(2) exempts constitutional claims from the exclusiveness of remedy provision, this exemption does not create a cause of action against individual employees because constitutional tort claims, such as Jackson's due process claim, are not cognizable under FTCA. *Meyer*, 510 U.S. at 477. Hence, § 2679(b) neither bars nor authorizes Jackson's claim.

In order to obtain money damages against an individual federal employee for a constitutional violation, a plaintiff must have a statutory or implied cause of action. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The statutes and the regulation that Jackson cites as the source of his claims announce standards for evaluating veterans' claims, but do not directly authorize an action against a VA employee who misapplies those standards. *See* 38 U.S.C. § 1154(b) (2012); 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.303(a) (2018). The Supreme Court has recognized implied rights of action when federal employees violate certain constitutional provisions while acting under the color of law. *See Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971). Although *Bivens* recognized a cause of action under the Fourth Amendment, implied causes of actions are called "*Bivens* actions" regardless of which constitutional right is being enforced. *See Bush v. Lucas*, 462 U.S. 367, 377 (1983).

In order to authorize Jackson to recover monetary damages from Bologna for his alleged

violations of Jackson's due process rights, this Court would have to find that a cause of action (i.e., a *Bivens* action) can be implied under the procedural component of the Due Process Clause. *See Davis v. Passman*, 442 U.S. 228, 234 (1979) (quoting *Butz v. Economou*, 438 U.S. 478, 504 (1978)). The Supreme Court has never recognized a *Bivens* action under the Due Process Clause outside of the context of gender discrimination. *See id.* at 248–49. More importantly, the Fifth Circuit has expressly refused to recognize an implied right of action to recover damages for due process violations committed in the course of veterans' benefit determinations. *Zuspann*, 60 F.3d at 1161. In *Zuspann*, the Fifth Circuit concluded:

> Special factors counsel hesitation to create a *Bivens* remedy in this case. This is a situation in which Congress has set up an elaborate remedial structure; the administrative process created by Congress provides for a comprehensive review of veterans' benefits disputes. Further, Congress has explicitly precluded judicial review of veterans' benefits disputes, which suggests that Congress' failure to create a remedy against individual VA employees was "not an oversight."

*Id.* (quoting *Sugrue*, 26 F.3d at 12). This Court is bound by the Fifth Circuit's holding that there is no damages remedy available against an individual VA employee for erroneous veterans' benefit determinations. *See id.* Although Jackson again directs the Court to *Cushman*, the remedy ordered by the Federal Circuit in that case was a new administrative hearing, 576 F.3d at 1302; thus, the case has no relevance to Jackson's claim for <u>damages</u>. Because Jackson cannot obtain damages from Bologna personally, Jackson has failed to state a claim on which relief can be granted. His claim against Bologna in his individual capacity must be dismissed with prejudice.

## IV. <u>FOIA Claim</u>

Jackson alleges that Bologna violated FOIA by instructing VA contractors to refuse to provide veterans with copies of their own medical reports. [Record Document 1 at 2, 8]. Bologna argues that sovereign immunity precludes any claim for money damages under the

Administrative Procedure Act ("APA") of which FOIA is a part. [Record Document 4-1 at 9–10]. Because the title of Jackson's complaint includes the phrase "Violation of my Right under Federal Freedom of Information Act Title 5 U.S.C. Sec 552 (medical records)," [Record Document 1], the Court believes that Jackson intends to raise a FOIA claim rather than a claim under the APA generally.[3]

Under FOIA, a person has a right to access her own records maintained by a government agency, to request that they be amended to be accurate, and to dispute inaccurate information. 5 U.S.C. § 552a(d). If the agency fails to comply with an individual's request for her own record, she "may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." *Id.* § 552a(g)(1)(B). The remedies available in such a suit are an order requiring the agency to produce the record and reasonable attorney fees if the complainant has substantially prevailed. *Id.* § 552a(g)(3). Actual damages and costs as well as attorney fees are available when an agency has intentionally or willfully failed to properly maintain a record such that inaccurate or incomplete information within the record caused the agency to render an adverse decision or when a failure to comply with other FOIA provisions related to a plaintiff's access to her own records adversely affected her. *Id.* § 552a(g)(1)(C)–(D), (g)(4).

Jackson's complaint alleges that he was denied a copy of his Compensation and Pension Evaluation by various private contractors. [Record Document 1 at 8–9]. It is unclear if Jackson

---

[3] To the extent that Jackson alleges that he is entitled to his claimed damages because Bologna violated the APA, this Court lacks jurisdiction. *See King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 416 (5th Cir. 2013) (quoting 5 U.S.C. § 702 (2012)) ("[T]he APA waives sovereign immunity only for claims 'seeking relief *other than money damages.*'").

ever obtained a copy of this record from the VA itself, and the complaint does not appear to request one. However, if Jackson has, in fact, been denied access to a record to which he is entitled (a matter on which the Court makes no finding), this Court is loathe to deny him relief at this stage of proceedings. Therefore, rather than dismiss Jackson's claim entirely, the Court shall grant him an opportunity to amend to more clearly allege his FOIA claim.

The Court cautions Jackson that his FOIA claim is <u>not</u> a vehicle through which he can obtain all or even most of the relief he has requested. This Court cannot review whether Bologna's decision to set Jackson's benefits at a certain level was correct. This Court cannot award Jackson benefits. Even if Bologna improperly denied benefits or denied Jackson due process, **this Court cannot award him damages based solely on a due process violation**.

If Jackson wishes to proceed with his FOIA claim, he must amend his complaint to clearly allege the facts necessary to establish his claim including the identity of the record of which he was deprived, whether he is seeking an order requiring the VA to produce the record, how he was damaged by lack of access to that specific record, whether that specific document was improperly maintained by the VA, whether any improper maintenance of that specific record by the VA caused Jackson's benefits to be denied, and whether any failure by the VA to comply with 5 U.S.C. § 552a adversely affected him. Jackson should also ensure that his amended complaint names the appropriate party defendant.

## VI.   <u>Conclusion</u>

The Court offers no opinion on the merits of Jackson's claim for benefits or damages. He may or may not be entitled to them. But the determination of his entitlement belongs to other tribunals. If Jackson wishes to pursue a claim for benefits or damages arising from a denial

of due process, <u>he must do so in the proper forum</u>.

For the reasons given above, Bologna's motion to dismiss [Record Document 4] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Jackson's claims for benefits, Jackson's due process claims, and Jackson's claims against Bologna in his individual capacity. The motion is **DENIED** as to Jackson's FOIA claim, but without prejudice to being re-urged following amendment.

**IT IS ORDERED** that Jackson's claims for benefits and his due process claims against Bologna in his official capacity are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Jackson's claims against Bologna in his individual capacity are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Jackson is granted until **November 14, 2018** to amend his complaint to more clearly allege his FOIA claim. Jackson should not attempt to re-plead any of the claims that this Court has dismissed. If Jackson no longer wishes to proceed with his FOIA claim because this Court cannot provide him with the relief that he requests (i.e, damages due to wrongful denial of benefits), he should move this Court to dismiss his case. If Plaintiff fails to amend his claim by the deadline, his claim shall be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this __17th__ day of __October_____, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE