UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

GEORGE JACKSON     CIVIL ACTION NO: 18-1055

VERSUS     JUDGE ELIZABETH ERNY FOOTE

DIRECTOR MARK BOLOGNA VARONO     MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a motion to reconsider this Court's dismissal of various claims related to Defendant's allegedly wrongful denial of veterans' benefits to Plaintiff George Jackson ("Jackson"). [Record Document 14]. Defendant Mark Bologna ("Bologna") has responded in opposition; Jackson has not replied. [Record Document 15]. Because Jackson seeks reconsideration using arguments that this Court has already rejected, his motion [Record Document 14] is **DENIED**.

Bologna filed a motion to dismiss all of Jackson's claims. [Record Document 4]. The Court granted the motion in part and denied it in part, dismissing all claims except those under the Freedom of Information Act ("FOIA"). [Record Document 13]. The Court gave Jackson until November 14, 2018 to amend his complaint to properly allege his FOIA claim. [*Id.*].

Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Because the Court partially denied Bologna's motion to dismiss, final judgment has not been

1

entered on all claims, and so this Court has the power to alter its order on Bologna's motion to dismiss.

This Court declines to exercise its authority in this manner. This Court's memorandum ruling has already explained why Jackson's claims must be dismissed. [Record Document 13]. Jackson's current motion presents the Court with no new arguments. Nevertheless, because Jackson is representing himself without the benefit of legal training or advice, the Court will offer a few words by way of explanation.

Jurisdiction refers to a court's power to hear certain kinds of claims. If a court lacks jurisdiction to hear a claim, then that court cannot do so even if the claim is otherwise valid. For example, in some places there are "family courts" that can only hear matters such as divorce, child custody, and child support. This hypothetical family court lacks jurisdiction to hear other sort of claims, such as a claim arising from injuries sustained in a car accident. A person suffering such injuries would have a valid personal injury claim, but that claim could not be adjudicated by the family court because the family court lacks jurisdiction to hear a personal injury claim. The same thing is true here. As the Court explained in its prior memorandum ruling, federal district courts such as this one lack jurisdiction to consider challenges to veterans' benefits determinations. Hence, even if Jackson is entitled to benefits, this Court is not the proper forum in which to vindicate his right to them.

Jackson also appears to misunderstand the binding effect of cases decided by various federal courts. Federal courts exist in a hierarchical structure. At the top is the United States Supreme Court. Below the Supreme Court are various courts of appeals, including the Court of Appeals for the Federal Circuit, which issued *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir.

2009),[1] and the Court of Appeals for the Fifth Circuit, author of *Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995). Below the courts of appeals are district courts, such as this Court. Each district court is directly bound by the holdings of the appeals court immediately above it. The holdings of other appeals courts do not bind that district court. Thus, this Court is bound by the holdings of the Fifth Circuit and not bound by the holdings of the Federal Circuit. Because neither the Fifth Circuit nor the Supreme Court have abrogated *Zuspann*, that case remains the law in the Fifth Circuit. Because *Zuspann* holds that district courts lack jurisdiction to consider claims against a Veterans Affairs administrator in his official capacity, this Court is bound by that decision and must conclude that it lacks jurisdiction to consider any claims against Bologna in his official capacity.

Jackson also misunderstands his ability to maintain a cause of action against Bologna in the latter's individual capacity. Jackson believes that his cause of action against Bologna arises by implication from two provisions of the Federal Tort Claims Act ("FTCA"). [Record Document 14 at 7–8] Under the so-called "exclusiveness of remedy" provision and its exception for constitutional torts:

> (b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for . . . personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . . Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded . . . .
> (2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government—

---

[1] It appears the Jackson incorrectly believes that *Cushman* was a Supreme Court case. [Record Document 14 at 6].

(A) which is brought for a violation of the Constitution of the United States . . . .

28 U.S.C. § 2679. Jackson now argues that "[s]ince Paragraph 1 of 2679 specifically states 'a civil action is precluded' when 'exclusiveness of remedy' applies it mandates that a civil action is enabled when 'exclusiveness of remedy' does not apply." [Record Document 14 at 8]. In making this argument, Jackson has committed a logical fallacy. It is not true that the fact that FTCA does not preclude Jackson's cause of action against Bologna means that Jackson has a cause of action against Bologna (whether under FTCA or under some other legal provision).

The motion to reconsider [Record Document 14] is **DENIED**. As discussed in this Court's original memorandum ruling, there is another forum authorized to adjudicate claims regarding Bologna's allegedly wrongful denial of benefits (whether under the theory that Bologna incorrectly applied the relevant statutes or under the theory that he denied Jackson due process).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of November, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE